**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDSEY GULDEN *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION, <br><br> Defendant. | Civil Action No. 22-7418 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Exxon Mobil Corporation's ("Defendant") Motion to Dismiss Plaintiffs Dr. Lindsey Gulden and Dr. Damian Burch's ("Plaintiffs") Complaint (ECF No. 1). (ECF No. 20.) Plaintiffs opposed (ECF No. 23), and Defendant replied (ECF No. 24). The Court has carefully considered the parties' papers and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendant's Motion.

I.    **BACKGROUND**

Plaintiffs are former employees of Defendant, and this action derives from a whistleblower complaint. (Compl., ECF No. 1.) While employed, Plaintiffs provided Defendant with analysis of its oil projects. (*See id.* ¶¶ 13-14.) In 2019, Defendant's CEO made public statements to investors regarding the company's Delaware Basin project, and Plaintiffs allege that, based on the analyses they provided, these statements overestimated the project's "anticipated future oil and gas production" by billions of dollars. (*See id.* ¶¶ 18, 20-21.) Plaintiffs raised their objections to these statements internally on various occasions. (*Id.* ¶ 20.)

In September 2020, the Wall Street Journal published an article citing "unnamed current and former employees" alleging that Defendant "overestimat[ed] how quickly it could drill" and thereby inflated the Delaware Basin's estimated output by $10 billion. (*Id.* ¶ 21.) The allegations in the article match the allegations made by Plaintiffs in their internal complaints. (*Id.*) Within three months, both Plaintiffs were terminated from their positions. (*See id.* ¶¶ 22-23.)

Following their dismissal, Plaintiffs filed a whistleblower complaint under the Sarbanes-Oxley Act. (*Id.* ¶ 1.) Based on the complaint, the Regional Administrator for the Occupational Safety and Health Administration ("OSHA") completed an investigation at the direction of the Secretary of Labor (the "Secretary"). (*See id.* ¶¶ 27-30.) Following the investigation, the Secretary issued a preliminary order instructing Defendant to (among other things) immediately reinstate Plaintiffs to their former positions. (*Id.* ¶ 32; Prelim. Order, ECF No. 1-1.) Defendant filed a timely objection and chose to ignore the order to reinstate Plaintiffs. (Compl. ¶¶ 33-34.) Now Plaintiffs ask this Court to enforce the preliminary reinstatement order while the underlying dispute proceeds through the agency review process. (*See id.* ¶ 11.)

## II.    LEGAL STANDARD

Defendants move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[1] A motion to dismiss under Rule 12(b)(1) must be granted if a court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). The Court may treat a party's motion as either a facial or factual challenge to the court's jurisdiction. *Dickerson v. Bank of Am., N.A.*, No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013). Typically, "[a] motion to dismiss . . . for lack of subject[-]matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge

---

[1] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

to the complaint." *Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## III.    **DISCUSSION**

The primary issue in this case is whether the Court has jurisdiction to enforce preliminary orders of reinstatement granted under the Sarbanes-Oxley Act ("Sarbanes-Oxley"), 18 U.S.C. § 1514A. This Court finds that it does not have jurisdiction to enforce the Secretary's preliminary order of reinstatement because Sarbanes-Oxley does not grant such power by its plain language or overall construction.

Sarbanes-Oxley enables whistleblowers to file a complaint with the Secretary when they believe they were discharged due to protected activity. 18 U.S.C. § 1514A(b)(1). Sarbanes-Oxley actions are governed by the procedures of another statute: the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"). *See id.* § 1514A(b)(2)(A) (incorporating by reference 49 U.S.C. § 42121(b)). AIR21 contemplates two types of orders, preliminary and final. *See* 49 U.S.C. § 42121(b). Paragraph (2) of AIR21 instructs the Secretary to investigate the whistleblower's claims and, if there is reasonable cause to believe a violation

3

occurred, issue a preliminary order granting the relief described in AIR21 subparagraph (3)(B). *See* 49 U.S.C. § 42121(b)(2). Paragraph (3) of AIR21 discusses final orders. *Id.* § 42121(b)(3).

AIR21 uses imprecise language to describe the enforcement process for the Secretary's orders. Rather than state whether district courts can enforce preliminary or final orders, paragraphs (5) and (6) of AIR21 give district courts the power to enforce orders "issued under paragraph (3)." *Id.* §§ 42121(b)(5), (b)(6)(A). Paragraph (3) is titled "Final order" and has three subsections.[2] Because final orders can only be issued under paragraph (3), it is undisputed that AIR21 grants district courts jurisdiction to enforce the Secretary's final orders.

But here Plaintiffs do not have a final order clearly issued under paragraph (3); they have a preliminary order issued under paragraph (2). (*See* Prelim. Order.) They argue that paragraphs (5) and (6) also give district courts jurisdiction over preliminary orders because AIR21 instructs that preliminary orders should contain the relief described in subparagraph (3)(B). (Pls.' Opp'n Br. 3-4, ECF No. 23.) According to Plaintiffs, preliminary orders are issued under paragraph (3) because they provide the types of relief described in subparagraph (3)(B). (*Id.*)

The Court must, thus, determine whether the statute confers jurisdiction upon it for review of only final orders or for both final and preliminary orders. The Second Circuit is the only circuit that has grappled with this issue,[3] finding in a plurality that the Court did not have jurisdiction under these circumstances. *See Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469, 473 (2d Cir. 2006) (citations omitted) ("The plain text of [paragraph (2)] incorporates the types of relief

---

[2] Subsection (A) instructs the Secretary to issue a final order within 120 days; (B) lists remedies the Secretary should order if it "determine[s] that a violation . . . has occurred;" and (C) discusses frivolous complaints. 49 U.S.C. § 42121(b)(3).

[3] Other courts have acknowledged the issue. *See, e.g.*, *Solis v. Tenn. Comm. Bancorp, Inc.*, No. 10-5602, 2010 WL 11187001, at *1 (6th Cir. May 25, 2010) (stating that there is a "substantial question" as to district courts' authority to enforce preliminary orders of the Secretary).

specified in subparagraph [](3)(B); it nowhere suggests that the two [should] be treated identically for federal jurisdictional purposes.").[4] Judge Jacobs wrote the opinion holding that the statute's plain language does not grant jurisdiction. *Id.* at 473. Judge Leval concurred but declined to answer the "very difficult question" of jurisdiction—instead ruling to vacate on due process grounds. *Id.* at 476, 483 (Leval, J., concurring). Judge Straub dissented, concluding that jurisdiction is appropriate because the language and history of Sarbanes-Oxley indicate Congress's intent to allow judicial enforcement of preliminary reinstatement orders. *Id.* at 484-85 (Straub, J., dissenting).

Only a few district courts have considered this question since the *Bechtel* ruling, and a majority of those courts agreed with Judge Jacobs's finding that courts lack jurisdiction. *Compare Welch v. Cardinal Bankshares Corp.*, 454 F. Supp. 2d 552 (W.D. Va. 2006) (providing analysis to support the court's conclusion that it did not have jurisdiction to enforce a preliminary order of reinstatement), *and Solis v. Union Pac. R.R. Co.*, No. 12-394, 2013 WL 440707, at *3 (D. Idaho Jan. 11, 2013) (finding district courts lack jurisdiction to enforce preliminary orders of reinstatement issued pursuant to AIR21), *with Solis v. Tenn. Comm. Bancorp, Inc.*, 713 F. Supp. 2d 701, 714-15 (M.D. Tenn. 2010) (concluding the court had jurisdiction to grant the Secretary's motion for enforcement of a preliminary reinstatement order).

This Court, too, agrees with Judge Jacobs that the provisions of Sarbanes-Oxley and AIR21 do not confer jurisdiction to enforce preliminary orders. The Court's conclusion is supported by a broader reading of AIR21. Subparagraph (4)(A) discusses appellate review and again refers to orders "issued under paragraph (3)." 49 U.S.C. § 42121(b)(4)(A). There is a strong presumption

---

[4] *See also Bechtel*, 448 F.3d at 484 (Straub, J., dissenting) (acknowledging that "an order is not necessarily 'issued under' a provision simply because it provides 'the relief proscribed by' that provision").

that "judicial review will be available only when agency action becomes final." *Bell v. New Jersey*, 461 U.S. 773, 778 (1983); *see also T Mobile NE LLC v. City of Wilmington, Del.*, 913 F.3d 311, 318-19 (3d Cir. 2019). It is therefore inconsistent to read "issued under paragraph (3)" to include non-final orders.[5] Relatedly, paragraphs (5) and (6) allow enforcement of orders in the district "in which the violation was found to occur." 49 U.S.C. §§ 42121 (b)(5), (b)(6)(A). But a violation "has not been 'found to occur' until the Secretary issues a final order; the preliminary order is based only on reasonable cause." *Bechtel*, 448 F.3d at 477 (Leval, J., concurring).

Further, "[i]t seems improbable that Congress would have chosen to confer federal judicial enforcement power" in such an opaque and indirect manner when it could have modified the jurisdictional sections of AIR21 to encompass paragraph (2). *Bechtel*, 448 F.3d at 473. This is especially true because Congress modeled Sarbanes-Oxley and AIR21 on the Surface Transportation Assistance Act of 1978 ("STAA"). *Welch*, 454 F. Supp. 2d at 558. The STAA included explicit language allowing the Secretary to bring an action to enforce its preliminary reinstatement orders in the district courts. *Id.* Here, Congress chose not to include that power.

This Court, however, does recognize Judge Straub's reasoning in the dissent. The language and history of Sarbanes-Oxley show Congress's intent to protect whistleblowers. *Id.* at 486 (Straub, J., dissenting). That is true. But Judge Straub does not point to any "language in the legislative history which addresses in any way the enforceability of a preliminary order of reinstatement." *Id.* at 478 (Leval, J., concurring). And while the statutory text creates an order that is both unstayed during the objection process and unenforceable, "courts do not automatically assume that judicial power is necessary to enforce statutory rights." *Id.* at 473 (plurality opinion)

---

[5] The deadline for filing an appeal under subparagraph (4)(A) is 60 days after "the issuance of the final order of the Secretary." 49 U.S.C. § 42121(b)(4)(A). This again suggests that the orders being discussed are final orders, not preliminary orders.

(citing *Chicago & N.W.R. Co. v. United Transp. Union*, 402 U.S. 570, 578 (1971)). Sarbanes-Oxley sets several deadlines for prompt review and decision-making.[6] This Court agrees with Judge Jacobs that the expeditious nature of the review process counsels against judicial enforcement of preliminary reinstatement orders absent permissive statutory language. *See Bechtel*, 448 F.3d at 474 (plurality opinion).[7]

## IV.   **CONCLUSION**

Given the plain text of Sarbanes-Oxley and AIR21, this Court grants Defendant's Motion to Dismiss.[8] The Court will enter an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[6] *See, e.g.*, 18 U.S.C. § 1514A(b)(1)(B) (providing for de novo review in the district courts if the Secretary fails to issue a final decision within 180 days of the complaint filing).

[7] The Court also acknowledges that 29 C.F.R. § 1980.113 (2015) indicates that the Secretary believes federal courts should enforce these preliminary reinstatement orders. But even Judge Straub recognized that the agency rule is "by no means authoritative" and should receive at most "some minimal deference." *Bechtel*, 448 F.3d at 486-87 (Straub, J., dissenting).

[8] Because this Court lacks jurisdiction, it declines to address the merits of Plaintiff's Order to Show Cause for Preliminary Injunction Seeking Enforcement of an Order of the Secretary of Labor for Reinstatement. (ECF No. 2.)